**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAWRENCE ANTHONY FINE JEWELRY, INC. d/b/a Lawrence Anthony Fine Jewelers<br><br>Plaintiff(s)<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, a foreign entity,<br><br>Defendant(s) | Civil Action No. 3:18-cv-00793<br><br>Jury Trial Demanded |

## CIVIL COMPLAINT

Plaintiff LAWRENCE ANTHONY FINE JEWELRY, INC. d/b/a Lawrence Anthony Fine Jewelers ("Plaintiff"), alleges as follows:

### I.     THE PARTIES

1.     Plaintiff is a corporate business entity, organized and existing under the laws of the State of New Jersey.

2.     CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ("Defendant") is a foreign entity that offers property and casualty insurance products to businesses and professionals that may be served at Mendes & Mount, LLP 750 Seventh Avenue New York, NY 10019-6829.

3.     At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### II.     JURISDICTION AND VENUE

4.     This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332.

5.     The District of New Jersey is the proper venue for this litigation, because:

    a.     Plaintiff is a resident of this judicial district and Defendant's wrongful conduct was directed to and was undertaken within the territory of this judicial district;

    b.     A substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district;

    c.     The cause of action arose within the territory of this judicial district; and

    d.     Defendant conducts a substantial portion of its business in this judicial district.

### III.     STATEMENT OF CLAIMS

#### A.     Background

6.     Since 2009, Plaintiff has operated a retail jewelry store enterprise from its principal business location at 3375 US Highway 1 Lawrenceville, NJ 08648.

7.     In the summer of 2016, Plaintiff was solicited by Defendant's agent – Burns & Wilcox Ltd – for a so-called "jewelers' block" insurance policy – insurance designed to provide coverage for a jewelry retailers' loss of the stock/merchandise.

8.     The coverage period for the new policy was to begin before August 30, 2016 (i.e., prior to the expiration date of Plaintiff's then current policy).

9.     In this regard, Plaintiff provided Defendant's agent with the background information regarding its business operation, including, *inter alia*, that:

    a.     Plaintiff has at least two safes/vaults on the premises; and

    b.     Plaintiff was seeking insurance coverage up to $300,000.00 for its stock (with a "peak season" increase to $400,000.00 from November through

March).

10.     Defendant's agent then completed a "Proposal for Jewelers' Block Policy" and presented it to Plaintiff for review and execution.

11.     Defendant's agent also represented to Plaintiff that the insurance policy Plaintiff was requesting would cover loss of merchandise in the event of a burglary.

12.     The "Proposal for Jewelers' Block Policy" was then executed on Plaintiff's behalf on July 28, 2016.

13.     Thereafter, Defendant agreed to provide Plaintiff with a "Jeweler's Block" Insurance Policy, No. LBW452136R2 ("Policy LBW452136R2"), with an effective date of August 26, 2016.

### B.       Plaintiff's claim

14.     Before Plaintiff received a copy of Policy LBW452136R2, on September 2, 2016, Plaintiff's location was burglarized while the premises were closed for business.

15.     Immediately after learning of the incident, Plaintiff reported the occurrence to the local police and Defendant.

16.     Plaintiff fully cooperated in a subsequent investigation of the incident conducted by the local police and Defendant.

17.     This investigation revealed that the total sum of inventory at the time of the incident was $292,439.53, while the total amount of inventory left in the store after the theft was $185,257.00.

18.     Plaintiff, therefore, made a claim under Policy LBW452136R2 for the loss of jewelry merchandise in the amount of $107,182.53.

19.     Plaintiff also made a claim under Policy LBW452136R2 for the "show case"

damage in the amount of $7,618.00 and the front door repair in the amount of $1,323.74.

   **C.   Policy No. LBW452136R2 and Defendant's denial of Plaintiff's claim**

   20.   After the burglary of September 2, 2016, Plaintiff received a copy of Defendant's

policy.

   21.   In relevant part, Policy LBW452136R2 provides as follows:



   22.   The so-called form "JB SCHEDULE 05/08" of the Policy LBW452136R2

identified the following schedule of insured property:

| Section 1 | SCHEDULE OF PROPERTY AND AMOUNTS INSURED (Subject to the limitations and conditions of this Certificate) |
|---|---|
| 1.a. $ 300,000 | ON STOCK (including other peoples goods). |
| 1.b. $ 20,000 | ON MONEY in locked safe at the Assured's premises subject to the conditions within. |
| 1.c. $ NOT INCLUDED | ON PATTERNS, MOLDS, MODELS AND DIES at the Assured's premises, subject to the conditions within. |
| 1.d. $ 50,000 | ON FURNITURE, FIXTURES, MACHINERY, TOOLS AND FITTINGS at the Assured's premises, subject to the conditions within. |
| 1.e. $ 10,000 | On the Assured's interest as owner or tenant under lease or other rental agreement in IMPROVEMENTS AND BETTERMENTS to the premises, subject to the conditions within. |

   23.   By correspondence of February 7, 2017, Defendant denied Plaintiff's claim for

the loss of jewelry merchandise in the amount of $107,182.53.

24.     Specifically, Defendant cited to the so-called "Endorsement No. A 05/10" of the

Policy LBW452136R2 that, in relevant part, states:

```
ENDORSEMENT
NO. ___A___

POLICY NO.:   LBW452136R2
INSURED:      LAWRENCE ANTHONY FINE JEWELERS

EFFECTIVE DATE:  08/26/2016
ENTER COVERAGE PART HERE:  JEWELER'S BLOCK


           THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

    WARRANT 80% OF STOCK ITEM 1A CONTAINED IN DESCRIBED LOCKED SAFE WHEN PREMISES ARE
    CLOSED FOR BUSINESS. A BREACH OF THIS WARRANTY NULLIFIES COVERAGE.
```

25.     Defendant provided the following explanation for its decision:

```
The claim amount for the loss of jewelry totals $107,182.53.  It was reported that the total
amount of inventory left in the store after the theft was $185,257.00.  The total sum of inventory
at the time of the theft was $292,439.53.

Per the policy, the schedule property amount for stock is $300,00.00;  80% of the scheduled
limit to be placed in the safe is $240,000.00 with $60,000.00 to be left out of the safe.

It appears the amount of stock left out of the safe exceeds the policy limit of $60,000.00 which is
a breach of the warranty.  Accordingly, based on the information reported and policy language,
Underwriters are unable to issue any payments for this portion of the claim.
```

26.     Defendant accepted coverage and agreed to issue payment for the "show case"

and front door damage.

**D.     Defendant's denial of Plaintiff's claim is improper**

27.     Defendant denied Plaintiff's claim for the loss of jewelry merchandise, on the

ground that Plaintiff allegedly violated "Endorsement No. A 05/10" that changed the terms of

Policy LBW452136R2 to require Plaintiff to keep at least eighty (80) percent of its stock in a

locked safe when its premises were closed for business.

28.     Plaintiff, however, was not provided (and did not receive) a copy of

"Endorsement No. A 05/10" until after the incident of September 2, 2016.

5

29.    Prior to the incident of September 2, 2016, Plaintiff was not aware of "Endorsement No. A 05/10" and could not have known that Defendant unilaterally changed the terms of Policy LBW452136R2 to require Plaintiff to keep at least eighty (80) percent of its stock in a locked safe when its premises were closed for business.

30.    In other words, before the loss at issue, Plaintiff was not provided with an opportunity to examine Policy LBW452136R2 or "Endorsement No. A 05/10" to determine if their terms met Plaintiff's expectations of coverage prior to the loss at issue.

31.    Moreover, before the loss at issue, Plaintiff was not provided with an opportunity to notify Defendant of the inconsistency between its expectation of the coverage being purchased and "Endorsement No. A 05/10."

32.    Further, before the loss at issue, Plaintiff was not provided with an opportunity to notify Defendant of its refusal to accept Policy LBW452136R2 in the proffered condition (i.e., with "Endorsement No. A 05/10").

33.    Accordingly, Defendant's denial of Plaintiff's claim for the loss of jewelry merchandise was improper and unjustified.

34.    Defendant should be estopped from denying coverage under Policy LBW452136R2 for Plaintiff's loss of the jewelry merchandise.

**Count I**
**Declaratory Judgment**

35.    The allegations contained in the previous paragraphs are incorporated by reference.

36.    Plaintiff provided Defendant with a timely and adequate notice of the loss at issue.

37.    Plaintiff also fully cooperated with Defendant's investigation of the loss at issue.

38.     Policy LBW452136R2 does not limit or otherwise make coverage for loss of stock contingent upon Plaintiff keeping a certain minimum percentage of stock in a locked safe when its premises are closed for business.

39.     Rather, Defendant unilaterally changed Policy LBW452136R2 by inserting a "minimum percentage of stock" requirement and did not apprise Plaintiff of this new term until after the loss at issue took place.

40.     Plaintiff has complied with all provisions of Policy LBW452136R2.

41.     Under the circumstances, Defendant's efforts to avoid coverage under "Endorsement No. A 05/10" are void as a matter of law and are unenforceable.

42.     Accordingly, a controversy exists between Plaintiff and Defendant concerning the respective rights under Policy LBW452136R2 as follows:

      a.     Defendant contends that pursuant to an exclusion provided by Policy LBW452136R2, Plaintiff's loss of merchandise is not covered; and

      b.     Plaintiff contends that its loss of merchandise is not subject to the alleged exclusion and that its loss is (and should be) covered by Policy LBW452136R2.

43.     There is no adequate remedy at law.

44.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between the parties in connection with Policy LBW452136R2.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that this Court enter declaratory judgment in favor of Plaintiff and against Defendant, making the following findings:

a.      That Plaintiff complied with all provisions of Defendant's insurance policy, which are not contrary to public policy;

b.      That Plaintiff complied with all provisions of Defendant's insurance policy, which entitle Plaintiff to coverage;

c.      That Defendant is required to issue payment to Plaintiff for the loss of jewelry merchandise in the amount of $107,182.53, as a result of the burglary of September 2, 2016; and

d.      That Plaintiff is entitled to such other relief that the Court deems just and appropriate.

**Count II**
**Breach of Contract**

45.    The allegations contained in the previous paragraphs are incorporated by reference.

46.    Plaintiff submitted to Defendant a claim for the loss of jewelry merchandise in the amount of $107,182.53 that took place during the applicable period of coverage of Policy LBW452136R2.

47.    Defendant has refused to make payment under the terms of Policy LBW452136R2, on the ground that Plaintiff did not keep at least eighty (80) percent of its stock in a locked safe when its premises were closed for business.

48.    Policy LBW452136R2, however, does not contain such a restriction.

49.    As a result, Defendant is in breach of Policy LBW452136R2.

50.    As a direct and proximate result of Defendant's breach of Policy LBW452136R2, Plaintiff has suffered substantial economic losses and other general, consequential, specific, and special damages, in an amount of at least $107,182.53.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest, and costs of suit.

## Count III
## Breach of the Covenant of Good Faith and Fair Dealing

51.     The allegations contained in the previous paragraphs are incorporated by reference.

52.     In breach of the implied covenant of good faith and fair dealing, Defendant unreasonably, without proper cause, has consciously withheld from Plaintiff the rights and benefits it is entitled to under the insurance policy at issue, including (but not limited to) payment of Plaintiff's loss.

53.     In doing so, Defendant acted without considering the interests of Plaintiff, at least to the same extent as Defendant did its own interests.

54.     Defendant's actions (as alleged herein) are inconsistent with the reasonable expectations of its policyholder and are contrary to the express terms of the insurance policy at issue.

55.     The wrongful conduct of Defendant (as alleged herein) was intended by Defendant to cause injury to Plaintiff

56.     The wrongful conduct of Defendant (as alleged herein) was carried on by Defendant with a willful and conscious disregard of Plaintiff's rights with the intention of trying to intimidate Plaintiff into not pursuing its rightful claims.

57.     As a direct and proximate result of Defendant's actions (as alleged herein), Plaintiff has suffered substantial economic losses.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest, and costs of suit.

**Count IV**
**Equitable Estoppel**

58.     The allegations contained in the previous paragraphs are incorporated by reference.

59.     Defendant misrepresented the extent of coverage of Policy LBW452136R2 to Plaintiff at the inception of the policy period.

60.     Plaintiff reasonably relied on this misrepresentation to its detriment.

61.     Plaintiff secured the policy under a mistaken belief that certain risks would be covered when, in fact, they were not going to be covered.

62.     The interests of justice and common fairness require Defendant to accept coverage for the loss of jewelry merchandise in the amount of $107,182.53.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest, and costs of suit.

### E.      DEMAND FOR A JURY TRIAL

Please be advised that Plaintiff hereby demands a trial by jury as to all issues.

### F.      DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Lawrence Kalikhman, Esquire is hereby designated as trial counsel in the within matter.

### G.      CERTIFICATIONS

It is certified that, pursuant to Rule 4:5-1, the matter in controversy is not subject to any other known action pending in any court of any pending or contemplated arbitration proceeding. There are no other parties known who should be joined to this action pursuant to Rule 4:28 or who are subject to joinder pursuant to Rule 4:29-1(b).

It is further certified that, pursuant to Rule 1:38-7(b), the confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

Date: <u>January 19, 2018</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Lawrence Kalikhman, Esquire
NJ ID #015012004
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: lkalikhman@kalraylaw.com

Counsel for Plaintiff